# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY S. TOMLIN, | 1:07-CV-01170 OWW DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION |
| v. | |
| | [Doc. 18] |
| ROBERT SUBIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Following jury trial in the Tulare County Superior Court, Petitioner was convicted of kidnaping to commit a crime, terrorist threats, assault with a firearm, sexual penetration by a foreign object, and two counts each of forcible oral copulation and sexual battery by restraint. Several sentence enhancements were found to be true.

On March 27, 2003, Petitioner was sentenced to an indeterminate state prison term of twenty-five years to life and a consecutive determinate state prison term of sixteen years. (Lodged Doc. Nos. 1-2.)

After filing a timely notice of appeal, on June 18, 2004, the California Court of Appeal, Fifth Appellate District, struck the finding and/or term imposed for the California Penal Code section 12022.53(a) enhancement charged as to the kidnaping count and stayed the concurrent

sentences imposed for the terrorists threats and assault with a firearm convictions. The judgment was affirmed in all other respects. (Lodged Doc. No. 2.)

The California Supreme Court denied review on September 22, 2004. (Lodged Doc. Nos. 3-4.)

On August 19, 2004, the Tulare County Superior Court amended the abstract of judgment. (Lodged Doc. No. 5.) Petitioner did not file an appeal.

However, Petitioner subsequently filed seven pro se post-conviction collateral challenges. The first petition was filed on September 2, 2005 in the Tulare County Superior Court. (Lodged Doc. No. 6.) The petition was denied on September 13, 2005. (Lodged Doc. No. 7.)

The second petition for writ of habeas corpus was filed in the California Court of Appeal, Fifth Appellate District on December 22, 2005. (Lodged Doc. No.8.) The petition was denied on June 1, 2006. (Lodged Doc. No. 9.)

The third petition was filed in the California Supreme Court on September 11, 2006. After the filing of supplemental pleadings, the petition was denied on April 18, 2007. (Lodged Doc. No. 12.)

The fourth petition for writ of habeas corpus was filed in the Tulare County Superior Court on November 8, 2006. (Lodged Doc. No. 14.) The petition was denied on November 13, 2006. (Lodged Doc. No. 15.)

The fifth petition for writ of habeas corpus was again filed in the Tulare County Superior Court on January 3, 2007. (Lodged Doc. No. 16.) The petition was denied one-day later on January 4, 2007. (Lodged Doc. No. 17.)

The sixth petition for writ of habeas corpus was filed yet again in the Tulare County Superior Court, which was denied on August 7, 2007. (Lodged Doc. Nos. 18-19.)

The seventh and final petition for writ of habeas corpus was filed in the California Court of Appeal, Fifth Appellate District on August 31, 2007. (Lodged Doc. Nos. 20-21.) The petition was denied on October 18, 2007. (Lodged Doc. No. 21.)

Petitioner filed the instant federal petition for writ of habeas corpus on August 3, 2007. (Court Doc. 1.) Respondent filed the instant motion to dismiss on October 29, 2007. (Court

Doc. 18.)  Petitioner filed an opposition on January 14, 2007.  (Court Doc. 22.)  Pursuant to this Court's order, Respondent filed a reply to Petitioner's opposition on April 24, 2008.  (Court Doc. 24.)  On May 30, 2008, Petitioner filed a supplement indicating that the California Supreme Court denied his petition without comment.  (Court Doc. 25.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on December 6, 2007, and thus, it is subject to the provisions of the AEDPA.

      The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the California Supreme Court denied review on September 22, 2004. Thus, direct review would conclude on December 21, 2004, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[1,2] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Thus, Petitioner had one year from December 22, 2004 within which to file his federal Petition for Writ of Habeas Corpus. See Kelly, 127 F.3d at 784; see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the

---

[1] See Sup.Ct. R. 13(1)

[2] As Respondent indicates, this date takes into consideration the fact that direct review may arguably have occurred 60 days after the amended abstract of judgment was issued, and the time for filing an appeal expired on October 18, 2004. (Lodged Doc. No. 5.) However, giving Petitioner the benefit of the best case scenario, direct review expired on December 21, 2004, when the 90-day period for filing a writ of certiorari expired. (Lodged Doc. No. 4.)

statute was set to expire on December 21, 2005. Petitioner did not file the instant petition until December 6, 2007, and absent statutory or equitable tolling, it is untimely.

C. <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Nino v. Galaza</u>, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3] <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <i>cert. denied,</i> 120 S.Ct. 1846 (2000); <u>see</u> also <u>Taylor v. Lee</u>, 186 F.3d 557 (4th Cir. 1999); <u>Barnett v. Lemaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. <u>Id</u>. at 1005. The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

1. <u>Expiration of One-Year Limitations Period Prior to Filing First State Petition</u>

Here, Petitioner filed seven post-conviction petitions challenging the pertinent judgment of claim. As just stated, the one-year limitations period began running on December 22, 2004, and ran until September 2, 2005, the date Petitioner filed the first state post-conviction challenge.[5] (Lodged Doc. No. 6.) As of this date, 254 days of the one-year limitations period expired.

---

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. <u>See</u> <u>Nino</u> 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. <u>Id</u>. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. <u>See id</u>.

[5] Because the first petition does not contain a proof of service and is not dated, Petitioner does not receive the benefit of the mailbox rule.

2. Limitations Period Tolled During Pendency of First Petition

Respondent does not argue that Petitioner is not entitled to tolling for the time the first petition was pending, i.e. September 2, 2005 (date first petition filed), through September 13, 2005 (date first petition denied), for a total of 12 days. (Lodged Doc. Nos. 6-7.)

3. No Tolling for Period between Denial of First Petition and Filing of Second Petition

As just stated, the first petition was denied on September 13, 2005, and the second petition was filed on December 22, 2005. As Respondent correctly submits, the second petition contains a proof of service dated December 7, 2005, however, the petition itself is dated December 8, 2005, and was not ultimately filed until two weeks later, on December 22, 2005. (See Lodged Doc. No. 8.) This delay is likely due to the fact that Petitioner mailed the petition to his private investigator Cynthia Dupuis, who then forwarded it to the California Court of Appeal for filing.[6] (Id.)

Pursuant to the "mailbox rule" documents submitted to the district court by individuals confined in prison are deemed filed on the day the document was deposited in the institution's internal mailing system. Rule 3(d) of Rules Governing Section 2254 Proceedings; Houston v. Lack, 487 U.S. at 266 (deeming a pro se prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court); cf. Fed. R. App. P. 4(c)( & 25(a)(2)(C) (codifying the mailbox rule for papers filed by confined inmates in the court of appeals). Ninth Circuit authority applies the mailbox rule to state and federal petitions when calculating the statute of limitations under AEDPA. Saffold v. Newland, 250 F.3d 1262, 1288-89 (9th Cir. 2000), amended May 23, 2001, overruled on other grounds by Carey v. Saffold, 536 U.S. at 226. However, as here, the mailbox rule is inapplicable to the mailing of habeas petitions to third parties, as intermediaries, who then mail them to the court for filing. Stillman v. LaMarque, 319 F.3d 1199, 1201-1202 (9th Cir. 2003) (petitioner delivered his petition to prison authorities so they could forward it to his lawyer, not the clerk of court); Cook v. Stegall, 295

---

[6] This is substantiated by the fact that the proof of service attached to the second petition and completed by Petitioner indicates that it was served on the "California Court of Appeals - 5th Dist. via C. Dupuis . . . P.O. Box 1826, Visalia . . . ." (Lodged Doc. No. 8.)

6

1  F.3d 517, 520 (6th Cir. 2002) (holding that the mailbox rule not apply to pro se prisoner who sent
2  habeas petition to his daughter for mailing); United States v. Cicero, 214 F.3d 199, 204-205 (D.
3  C. Cir. 2000) (limitations not tolled where prisoner forwarded petition to jailhouse lawyer who
4  later was placed in administrative segregation, delaying the filing); Gaines v. Newland, 1998 WL
5  704418 (N.D. Cal. 1998) (mailbox rule does not apply where prisoner mailed petition to his
6  grandmother for filing).  As a consequence, Petitioner does not get the benefit of the mailbox rule
7  for the filing of the second petition, and it is deemed filed as of the filing date December 22,
8  2005.  (Lodged Doc. No. 8.)

9  Respondent does not argue that the second petition was improperly filed; rather, he argues
10 that the 99 and 96-day delays between filing were unreasonable under California law.  In order to
11 determine whether the 99 and 96-day delays in the instant case were reasonable, the Court must
12 analyze and consider the reasons for the delay.  See Evans, 546 U.S. at 198 (absent clear
13 indication that California Supreme Court found state petition untimely, "the federal court must
14 itself examine the delay in each case and determine what the state courts would have held in
15 respect to timeliness.").  The Court does not agree with Respondent and finds the delays were
16 reasonable.

17 In explaining the reasons for the delay, Petitioner states that he was unable to file the
18 second petition in the Court of Appeal until December 22, 2005, due to ongoing investigations.
19 The second petition elaborates substantially on Petitioner's ineffective assistance of counsel
20 claim based on his trial counsel's failure to investigate and conduct a thorough investigation to
21 attack the victim's credibility.  (See Lodged Docs. Nos. 6, 8.)  Petitioner also raised two new
22 claims that were not raised in the prior petition, i.e. ineffective assistance of appellate counsel
23 and cruel and unusual punishment based on his sentence of 51 years to life.  As recognized by
24 Respondent, Petitioner presented evidence in the form of excerpts of reporter's transcripts,
25 clerk's transcripts, police reports, and a newly transcribed transcript of the victims February 21,
26 2002, 911 call.  (Lodged Doc. No. 8.)  In addition, during this period of time, Petitioner wrote
27 two letters to the Fifth District Court of Appeal, one requesting an extension of time, and the
28 second updating the Court on his progress in attempting to file the petition.  (See Exhibits B & C,

1  attached to Opposition.)

2  With the third petition Petitioner included a statement of facts and a polygraph report. (Lodged Doc. No. 10.)  Petitioner indicates that the results from the polygraph test were not made available to him until September of 2006, and the third petition was filed on September 11, 2006.  (Id.)

6  Contrary to Respondent's assertions, the compilation and revision of the subsequent petitions, even though unsuccessful, provides a reasonable explanation for the 99 and 96-day delays in filings.[7]  See e.g. Osumi v. Giurbino, 445 F.Supp.2d 1152 (C.D. Cal. 2006) (two three-month delays between filing of petitions did not constitute unreasonable delay where the subsequent petitions were substantially revised following the denial by the lower court.) (citing Stowers v. Evans, 2006 WL 829140, 2-3 (E.D. Cal.)) (87-day interval delay between filing subsequent petition was not unreasonable.); White v. Ollison, 530 F.Supp.2d 1077, 1083 (C.D. Cal. 2007) (76-day delay to resubmit petition on the proper form after Clerk of Court refused to file it was not unexplained and allowed interval tolling; Bui v. Hedgpeth, 516 F.Supp.2d 1170, 1174-1175 (C. D. Cal. 2007) (83-day delay to conduct additional research and 158 day delay due to difficulties in obtaining photocopies properly tolled).

17  In addition, this finding is not inconsistent with the Supreme Court's analysis in Evans v. Chavis.  There, the delay consisted of 3 years and 1 month between the denial of the petition filed in the Court of Appeal and the filing of the petition at the California Supreme Court.  546 U.S. at 195.  Chavis explained that he could not use the prison law library during the three years because his job hours coincided with those of the library or lockdowns confining him to his cell. However, Chavis conceded that he was given a new job approximately a year and a half after the Court of Appeal denied his petition, and he did not dispute that the new job hours allowed him to use the library.  He further conceded that the prison was free of lockdowns for a six month period.  The Court resolved the factual disputes in favor of Petitioner with the exception of six

---

[7] Although Respondent argues that the new claims and revision of the petitions were not based on facts discovered for the first time through investigation, even if so, this does not negate the fact that Petitioner needed time to revise the petitions.

8

months of his 3 year and 1 month delay. 546 U.S. at 201. Faced with this delay, the Court concluded that the California Supreme Court would not consider an *unexplained* and hence *unjustified* six-month delay reasonable. In the instant case, the delay is explained and thereby justified, based on the substantial elaboration and revision of the second and third petitions filed in the California Court of Appeal and California Supreme Court, and the 99 and 96-day delays do not appear unreasonable. Therefore, Petitioner is entitled to statutory tolling from September 13, 2005 to December 22, 2005, and June 1, 2006 to September 11, 2006.

Giving Petitioner the benefit of the statutory tolling for period between filings of the second and third petitions, the instant petition is timely, as 254 days of the limitations period expired prior to filing the first petition, then 104 days expired following the denial of the third petition by the California Supreme Court on April 18, 2007, resulting in only 358 of the 365 days of the limitations period expiring.

D.  Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to

the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner raises four claims and several sub-claims in the instant federal petition. Specifically, in ground 1(a) Petitioner contends that his due process rights were violated due to the destruction and/or loss of exculpatory evidence, namely it was not discovered during trial that a sexual assault response team was available to the victim on February 21, 2002. In grounds 3(A)(1)(a) and 3(A)(2)(a) Petitioner contends that trial counsel was ineffective because he failed to properly investigate hospital personnel concerning the availability of the SART on February 21, 2002, and because he failed to research the law to discover that the hospital was mandated to have a SART available. Petitioner concedes that these three claims are unexhausted as they are currently pending before the California Supreme Court. (Opposition, at 9.) On May 30, 2008, Petitioner submitted a supplement indicating that the California Supreme Court denied review without comment on May 14, 2008. (See Court Doc. 25.)

In light of Petitioner's indication that the unexhausted claims have now been denied by the California Supreme Court and are therefore exhausted, Respondent's motion to dismiss for lack of exhaustion is moot.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss based on a violation of the one-year statute of limitations be DENIED;

2. Respondent's motion to dismiss Grounds 1(a) and 3(A)(1)(a) and 3(A)(2)(a) be DENIED, as MOOT; and,

3. Respondent be directed to file an answer to the petition.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within thirty (30) days after being served with a copy, any party may file written objections with
2  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
4  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
5  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
6  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
7  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
8  Cir. 1991).

9      IT IS SO ORDERED.

10      Dated:   **June 11, 2008**          /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE