1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9    GARY S. TOMLIN,                          1:07-CV-01170 OWW DLB (HC)

10                          Petitioner,       ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS AS MODIFIED
11          v.                                HEREIN, AND REFERRING BACK TO
                                              MAGISTRATE JUDGE FOR FURTHER
12                                            PROCEEDINGS
     ROBERT SUBIA,
13                                            [Doc 26]
                            Respondent.
14
     _____/
15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18          On June 11, 2008, the Magistrate Judge issued Findings and Recommendation that the

19   Motion to Dismiss be DENIED.   This Findings and Recommendation was served on all parties

20   and contained notice that any objections were to be filed within thirty (30) days of the date of

21   service of the order.

22          On July 10, 2008, Respondent filed timely objections to the Findings and

23   Recommendation.  On July 29, 2008, Petitioner filed a reply to Respondent's objections.

24          In his objections, Respondent argues that Petitioner should not be granted statutory tolling

25   for the periods of time between the filings his second and third state petitions for writ of habeas

26   corpus.  Specifically, Respondent argues that the 99 and 96 day delays between the filings of his

27   state habeas petitions was unreasonable under California law.  The instant petition is untimely

28   unless at least one of the periods of time is tolled.

1

1   In his objections, Respondent points out that under California law a petitioner must

2   affirmatively "demonstrate [] that there was good reason to believe that further investigation

3   would lead to facts supportive of a clearly meritorious claim." In re Clark, 5 Cal.4th 750, 781

4   n.17, 21 Cal.Rptr.2d 509, 521 (1993).  In addition, Petitioner must demonstrate that he was

5   diligent in investigating the facts underlying his claim.  In re Robbins, 18 Cal.4th 770, 808, 77

6   Cal.Rptr.2d 153, 959 P.2d 311 (1998).  Although the delay must be justified under California,

7   "[t]here are no standards for determining what period of time or factors constitute 'substantial

8   delay' in noncapital cases," and "[t]here also are no standards for determining what factors justify

9   any particular length of delay. King v. Lamarque, 464 F.3d 963, 966 (9th Cir. 2006).

10   Turning to the 99-day delay between the denial of his first petition and filing of his second

11   state petition, for the reasons set forth by the Magistrate Judge in the Findings and

12   Recommendation, such time appears reasonable because, independent of adding two additional

13   claims, Petitioner substantially revised his claim of ineffective of counsel and wrote two letters to

14   the Court of Appeal expressing his diligence in attempting to file his petition in that Court.  Based

15   *solely* on the circumstances in this case, the Court finds that the 99-day delay appears reasonable

16   under California law, and such time should be tolled.

17   However, turning to the 96-day delay between the denial of the second petition and filing

18   of the third state petition, Respondent's argument is persuasive and such delay does not appear

19   reasonable.  Petitioner's third petition for writ of habeas corpus was a verbatim copy of the second

20   state petition, with the exception of a brief statement of facts and the results of a polygraph

21   examination he took in May of 2006, both which have no relation to the claims raised therein.

22   Accordingly, Respondent's objection is persuasive and such time should not be tolled.  However,

23   because as Respondent points out, tolling of at least one of the intervals, results in the petition

24   being timely.[1]

25   In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a

26

27   [1] Because Petitioner filed five state habeas petitions subsequent to the denial by the California Supreme

28   Court on April 18, 2007, contrary to the statement in the Findings and Recommendation, the time between that
denial and the filing of the instant petition, does not count against the one-year limitations period.

*de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation, as modified here, is supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.     The Findings and Recommendation issued June 11, 2008, is ADOPTED, as MODIFIED herein;

2.     Respondent's Motion to Dismiss is DENIED; and,

3.     The matter is referred back to the Magistrate Judge for further proceedings

IT IS SO ORDERED.

**Dated:    September 16, 2008**                    _____ **/s/ Oliver W. Wanger** _____
                                                      UNITED STATES DISTRICT JUDGE